**U.S. HOME CORPORATION, Plaintiff,**

v.

**GEORGE W. KENNEDY CONSTRUCTION COMPANY, INC., et al., Defendants.**

**No. 82 C 7775.**

United States District Court, N.D. Illinois, E.D.

Jan. 6, 1986.

Arthur DeBofsky, and Ronald S. Fishman, DeBofsky & DeBofsky, Fishman & Fishman, Chicago, for G.W. Kennedy Const. Co., Inc.

Edward M. Crane, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, for Mackie and Lorek.

David J. Gibbons, Edward L. Michael, Chadwell & Kayser, Chicago, for Armco, Inc.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

On December 21, 1984 this Court issued its opinion ("Opinion I," 601 F.Supp. 84, 85–87 (N.D.Ill.1984)) and on September 17, 1985 it issued a further opinion ("Opinion II," 617 F.Supp. 893, 896–98 & n. 7 (N.D.Ill. 1985)), each dealing in part with the current status of the implied indemnity doctrine in Illinois, particularly in light of the Illinois Contribution Among Joint Tortfeasors Act, Ill.Rev.Stat. ch. 70, ¶¶ 301–305. This brief supplemental opinion is issued sua sponte in light of last month's decision of the Illinois Appellate Court for the First Appellate District in *Heinrich v. Peabody International Corp.*, 139 Ill.App.3d 289, 93 Ill.Dec. 544, 486 N.E.2d 1379, (1st Dist. 1985).

When this Court wrote Opinions I and II, it rejected implied indemnity in the context of this case, though it recognized that then-existing Illinois Appellate Court decisions might find the doctrine still viable under special circumstances not present here. *Heinrich,* on remand from the Illinois Supreme Court (99 Ill.2d 344, 76 Ill.Dec. 800, 459 N.E.2d 935 (1984)), has now gone all the way: It spurns implied indemnity in its entirety (139 Ill.App.3d 289, 93 Ill.Dec. 544, 486 N.E.2d 1379):

> We consider that the historical relationship between indemnity and contribution, the policies supporting the adoption of contribution by our supreme court, the legislature's intent in passing the Contribution Act evidenced by what was said and what was not said, the broad statutory scheme and the specific language of the Act setting forth the general application of contribution (Ill.Rev.Stat.1979, ch. 70, par. 302(a)), all weigh in favor of a finding that implied indemnity has been abolished.

Under this Court's view of the workings of *Erie v. Tompkins* (see, e.g., *Abbott Laboratories v. Granite State Insurance Co.,* 573 F.Supp. 193, 196–200 (N.D.Ill.1983)), where there is a division of authority among Illinois Appellate Districts (and there is), *Heinrich* controls this case. Accordingly the Opinion's ruling rejecting implied indemnity here is reconfirmed unconditionally.